IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER STANELY FRALICK,

                              OPINION AND ORDER

        Petitioner,

                                09-cv-131-slc[1]

    v.

CHIPPEWA VALLEY BANK,
CARL EDWARDS and
LAC DU FLAMBEAU BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This is a proposed civil action for injunctive relief.  Petitioner Christopher Stanely Fralick alleges that respondents Chippewa Valley Bank and Carl Edwards have engaged in an illegal mortgage of Tribal Fee land belonging to respondent Lac du Flambeau Band of Lake Superior Chippewa Indians.  Petitioner, who is acting pro se, seeks leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant

---

[1]Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

to 28 U.S.C. § 1915. From the affidavit of indigency accompanying petitioner's proposed complaint, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit.

The next step is determining whether petitioner's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

From the allegations of petitioner's complaint, I draw the following facts.

## ALLEGATIONS OF FACT

On January 16, 2009, respondent Carl Edwards, acting in his sole capacity, negotiated and signed for a loan from respondent Chippewa Valley Bank. Respondent Edwards offered 1800 acres of tribal fee land as collateral for the loan. The loan was recorded on February 4, 2009.

Respondent Lac du Flambeau Band of Lake Superior Chippewa Indian Tribe sought an act of Congress to mortgage certain tribal land in 2008.

Respondents Edwards and Chippewa Valley Bank conducted this transaction without a specific tribal resolution authorizing this loan.

OPINION

Petitioner alleges that respondents Carl Edwards and Chippewa Valley Bank have engaged in an illegal transaction involving the tribal fee land of respondent Lac du Flambeau Band of Lake Superior Chippewa Indians. According to plaintiff, before tribal land may be mortgaged, the transaction must be approved by an act of Congress and the tribe must modify its constitution and the Secretary of the Interior must "sign off on such an action." Because none of these have occurred, petitioner alleges that respondents are violating both federal and tribal law and engaging in fraud.

Petitioner's complaint presents two threshold problems. First is the lack of any allegations regarding petitioner's standing to sue. An essential element of federal jurisdiction is the requirement of standing, which allows individuals to bring claims for only that conduct that has harmed the petitioner personally. Massachusetts v. EPA, 549 U.S. 497, 517 (2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 581 (1992) (to demonstrate standing to sue, "'the party bringing suit must show that the action injures him in a concrete and personal way'")); Laskowski v. Spellings, 546 F.3d 822, 825 (7th Cir. 2008) ("The general rule is that a plaintiff has standing to sue only for injuries to his own interests that can be remedied by a court order."). In this case, petitioner has alleged that respondents have engaged in an illegal transaction regarding tribal land, but it is unclear from petitioner's complaint how these alleged acts have harmed petitioner in any way that would entitle him

3

to relief.

     Moreover, even if petitioner can assert that respondents' actions have or will harm him personally, it is unclear whether petitioner may bring suit for violations of federal law in this case.  Petitioner alleges that respondent Edwards is trying to mortgage tribal "fee" land, which is subject to certain restraints on alienation.  Cohen's Handbook of Federal Indian Law 985 (Nell Jessup Newton et al. eds., 2005).  Respondent Lac du Flambeau Band of Lake Superior Chippewa Indians is a "federally recognized Indian Tribe[], organized pursuant to the Indian Reorganization Act, 25 U.S.C. §§ 461-494."  Lac Du Flambeau Band v. Norton, 327 F. Supp. 2d 995  (W.D. Wis. 2004).  Section § 483a provides that individual owners of land held in trust or subject to restraints on alienation are authorized to mortgage land as long as the transaction is approved by the Secretary of the Interior.  25 U.S.C. § 483a(a).  In this case, petitioner alleges that respondent Edwards is mortgaging tribal fee land to secure a loan without fulfilling the necessary prerequisite to mortgaging the land, approval by the Secretary.  However, section 483a does not provide an individual cause of action to enforce this law.  Without a cause of action, petitioner may not bring this claim for violations of federal law.

     Although petitioner's complaint does not allege any facts about his standing to sue or whether he may assert the laws that respondents have allegedly violated, I will not dismiss petitioner's complaint at this time.  Instead, I will allow petitioner an opportunity to

4

supplement his complaint with facts regarding how respondents' actions have injured him personally. In addition, to help the court determine whether petitioner can assert a federal cause of actions for these alleged violations, petitioner may submit additional facts regarding the federal and tribal laws respondents have violated, including but not limited to the laws organizing and governing the property of respondent Lac du Flambeau Band of Lake Superior Chippewa Indians and the right to tribal land of its members. If petitioner fails to supplement his complaint, I will dismiss his complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that a decision on petitioner Christopher Stanely Fralick's request for leave to proceed in forma pauperis on his claim that respondents Chippewa Valley Bank, Carl Edwards and Lac du Flambeau Band of Lake Superior Chippewa Indians violated federal and tribal law by entering into a mortgage of tribal fee land is STAYED. Petitioner will have until March 31, 2009 to submit a supplement to his complaint in which he addresses how respondents' actions injured him in a concrete and personal way as well as additional information regarding the organization and rights of members of the Lac du Flambeau Band of Lake Superior Chippewa Indians. If petitioner fails to submit a supplement to his complaint by March 31, 2009, his request for leave to proceed will be

denied, his complaint will be dismissed and the clerk of court will be directed to close this case.

Entered this 25th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge